# EXHIBIT A

# Case Docket Entries

CC-06-2025-C-107

| Court: | **Circuit** | County: | **06 - Cabell** | Created Date: | **3/19/2025** | Security Level: | **Public** |
|---|---|---|---|---|---|---|---|
| Judge: | **Sean K. Hammers** | Case Type: | **Civil** | | Case Sub-Type: | **Other** | Status: | **Open** |

Related Cases:

Style:     **Erica Folden v. SAFEbuilt, LLC**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 3/19/2025 10:44:35 AM<br>1-1  3/19/2025<br>1-2  3/19/2025<br>1-3  3/19/2025<br>1-4  3/19/2025 | E-Filed<br>Civil Case Information Statement<br>Complaint - Complaint<br>Transmittal<br>Summons | | Complaint |
| 2 | 3/19/2025 10:44:35 AM | Judge Assigned | J-06009 | Sean K. Hammers |
| 3 | 3/19/2025 10:44:35 AM | Party Added | P-001 | Erica Folden |
| 4 | 3/19/2025 10:44:35 AM | Party Added | D-001 | SAFEbuilt, LLC |
| 5 | 3/19/2025 10:44:35 AM | Attorney Listed | P-001 | A-6479 - Hoyt Eric Glazer |
| 6 | 3/19/2025 10:44:35 AM | Service Requested | D-001 | Filer - Certified Mail |
| 7 | 3/20/2025 10:51:08 AM<br>7-1  3/20/2025<br>7-2  3/20/2025 | E-Filed<br>Order - PRELIMINARY ORDER<br>Transmittal | | Order - Case - PRELIMINARY ORDER |
| 8 | 4/7/2025 11:11:53 AM<br>8-1  4/7/2025<br>8-2  4/7/2025 | E-Filed<br>Service Return - Return of Service<br>Transmittal | | Service Return - Return of Service |
| 9 | 4/23/2025 1:22:00 PM<br>9-1  4/23/2025<br>9-2  4/23/2025 | E-Filed<br>Service Return - Service Return Certified Mail<br>Transmittal | | Supporting Documents - Return of Service Certified Mail |
| 10 | 4/23/2025 1:22:00 PM | Attorney Listed | D-001 | A-6479 - Hoyt Eric Glazer |

EFILED | 3/19/2025 10:44 AM
CC-06-2025-C-107
Cabell County Circuit Clerk
Michael J. Woelfel

## IN THE CIRCUIT COURT OF CABELL COUNTY

**ERICA FOLDEN,**

     **Plaintiff,**                             **Case No. _____**

**v.**

**SAFEbuilt, LLC,**

     **Defendant.**

## COMPLAINT

    Your Plaintiff, Erica Folden, seeks compensation and damages arising from the Defendant's unlawful discrimination against her in violation of West Virginia Code § 5-11-1 e*t seq.* of the West Virginia Human Rights Act and the Family and Medical Leave Act of 1993 29 USC §2601 *et seq.* Plaintiff alleges her disabilities and FMLA eligibility caused the Defendant to terminate her unlawfully. Plaintiff seeks compensatory and punitive damages, liquidated damages, and an award of attorney fees and costs from Defendant.

## PARTIES

    1. The Plaintiff, Erica Folden, is a citizen and resident of Lavalette, Wayne County, West Virginia.

    2. Defendant SAFEbuilt, LLC, is a foreign company with its principal place of business in Loveland, Colorado. Defendant does business in West Virginia, and represents[1] the same on its publicly available website: https://safebuilt.com/locations[2]:

---

[1] As alleged *infra*, the Defendant allowed Ms. Folden to perform her work duties remotely from her home in West Virginia. Before firing Ms. Folden, the Defendant represented to her that it did not do business in West Virginia, which its own website reveals is demonstrably false.

[2] Last accessed March 19, 2025.

1

# Locations

## We are currently serving 41 states and Washington D.C.



3. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue over this civil action under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

2

## ALLEGATIONS OF FACT

5. On or about May of 2022, Defendant hired Ms. Folden as a permit technician.

6. During her employment with Defendant, Ms. Folden earned $20.39 an hour and worked regular, forty-hour work weeks.

7. At all times, Ms. Folden met or exceeded the Defendant's reasonable expectations of her duties, and received excellent reviews of her performance.

8. At all times during her employment, Ms. Folden suffered from various disabilities or serious health conditions that required regular treatment. These conditions included depression and fibromyalgia.

9. Ms. Folden notified Defendant of her health conditions, and requested permission to move to West Virginia where she could perform her work duties at home.

10. On or about November of 2024, several months after she had requested permission to work in West Virginia, the Defendant granted Ms. Folden's request to work from her home in Lavalette, West Virginia as reasonable, medical accommodation for her disabling conditions.

11. In early February of 2025, the Defendant claimed it was not licensed to do business in West Virginia—a representation that belies its statement to the public on its website—and told Ms. Folden that it would require her to move back to Ohio to perform her work; otherwise, the Defendant would terminate her.

12. On February 5, 2025, Ms. Folden e-mailed the Defendant and raised concerns about losing her job. She explained her primary reason for working remotely "is because of my health and clinical depression. . ." and that she had relied on the Defendant's approving her move

3

to West Virginia to work remotely.

13. After speaking with Defendant's human resources department, Ms. Folden understood that she had until February 28, 2025, to make a decision concerning her employment if she were to train a new person to assume her duties.

14. On February 11, 2025, Ms. Folden e-mailed the Defendant again to inquire about the terms of a severance agreement, and noted "I would like to make sure that I'm not agreeing to anything that will consist of me waiving any rights regarding challenging the termination decision."

15. Having not received any response from Defendant, Ms. Folden e-mailed it again on February 17, 2025, and stated her concern about her employment status with the company.

16. While she waited for the Defendant to respond to her, Ms. Folden requested a half day off work on February 20, 2025 to attend a medical appointment relating to one of her previously disclosed conditions.

17. On March 13, 2025, the Defendant called Ms. Folden, and informed her that the "highest level of HR" felt that she had resigned "at least twice verbally," and that it had accepted her "resignation" either the end of today or tomorrow.

18. Ms. Folden emphatically told the Defendant she had *not* resigned her job.

19. The Defendant also told Ms. Folden that it would not challenge her application for unemployment (which in West Virginia is a position that contradicts the Defendant's claim that Ms. Folden "resigned").

20. Ms. Folden also notified the Defendant during this call that her father had emergency surgery the previous week, which itself is another FMLA-qualifying event.

4

21. The Defendant told Ms. Folden that it really "hated to end it" this way, and claimed that its "hearts were full of compassion. . . but that business is business[3]."

22. Since Defendant's termination of her, Ms. Folden has been unable to find suitable gainful employment.

**COUNT I: DISABILITY DISCRIMINATION UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT**

23. Plaintiff incorporates the previous paragraphs as if set forth herein

24. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

25. In the alternative, Defendant regarded Plaintiff as having an impairment that substantially limited one or more of her major life activities.

26. At all times alleged, Plaintiff is and was qualified for the last job she held with the Defendant because she satisfied the skill, experience, and other job-related requirements for the position she held, and she was and is able to perform the essential function of her job, with or without reasonable accommodation.

27. Defendant took adverse action against Plaintiff when it refused to allow her to continue working remotely as a reasonable accommodation, and when it falsely represented that Plaintiff had "resigned" and terminated her.

28. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take the above-referenced adverse actions against her.

29. Any reason offered in response by Defendant for its above-referenced, adverse actions

---

[3] "Business is business" also means Defendant must comply with state and federal laws, and when it refuses to do so, the law allows employees like Ms. Folden to seek legal remedies against it.

against Ms. Folden, is pretext for the real reason for the same, which is its discrimination against her based on her status as a person with a disability.

30. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

31. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and relief as set forth below.

## COUNT II FAILURE TO ACCOMMODATE UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT

32. Plaintiff incorporates the previous paragraphs here.

33. Plaintiff was and is a qualified person with a disability as that term is defined in the West Virginia Human Rights Act and cases deciding the same.

34. Plaintiff's depression and fibromyalgia are physical impairments that substantially limit one or more major of Plaintiff's major life activities, including, but not limited to, work.

35. Defendant knew or had reason to know Plaintiff suffered from a physical condition that substantially limited one or more of her major life activities.

36. Plaintiff requested reasonable accommodation (remote work from home).

37. The Defendant provided Plaintiff with reasonable accommodation for several months until it falsely claimed it could not employ Plaintiff in West Virginia.

6

38. The Defendant did not have any legitimate basis to end Plaintiff's remote work, and the Defendant's alleged reason for ending the same is unlawful.

39. Defendant violated the West Virginia Human Rights Act by failing to continue Plaintiff's remote work.

40. Defendant's refusal to continue Plaintiff's employment was intentional, willful, and in deliberate disregard of and/or with reckless indifference to the rights of Plaintiff, and supports an award of punitive damages.

41. As a direct and proximate result of Defendant's violation of Plaintiff's rights, Plaintiff has sustained injuries and damages, including but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, mental anguish, and embarrassment.

**COUNT III: INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

42. Plaintiff incorporates the previous paragraphs as if set forth herein.

43. At all times mentioned, Plaintiff was qualified and eligible to take leave under the FMLA to care for her own serious health conditions, depression and fibromyalgia, and her father's serious health condition that necessitated a hospital surgery and recovery period. See, 29 C.F.R. §825.113.

44. Prior to and at the time of her termination, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least 1250 hours of service or more for Defendant during the past twelve months.

45. Defendant is and was a covered employer under the FMLA, and employed 50 or more people within 75 miles of its office location that supervised Plaintiff.

7

46. The FMLA requires that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. §825.300(b)(1) [emphasis added].

47. Under 29 C.F.R. §825.300(b)(1), the notice "must state whether the employee is eligible for FMLA leave." If the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." Id. §825.300(b)(2).

48. The employer must also provide notice of the employee's rights and responsibilities under the FMLA each time eligibility notice is required/provided. 29 C.F.R. §825.300(c).

49. Plaintiff provided sufficient information notifying Defendant of her serious health conditions or her father's serious health condition informing it of her need for FMLA leave to provide care for her own health condition or her father's medical condition such that it required Defendant to provide FMLA eligibility notice and rights and responsibilities notice to Plaintiff.

50. At no time did the Defendant provide FMLA's required notice to Plaintiff, resulting in prejudice to Plaintiff and impairment of her legal rights because she could not make informed decisions about her medical leave, which includes, but is not limited to the duration of her protected FMLA leave.

51. Defendant's actions against Plaintiff up to and including her termination were reckless and in deliberate disregard of the FMLA's notice provisions.

52. Defendant placed improper requirements on Plaintiff and/or disregarded its duty to provide

Plaintiff with proper FMLA notice, and then terminated Plaintiff. In so doing, Defendant knowingly and deliberately interfered with Plaintiff's FMLA rights.

53. Defendant failed to provide Plaintiff with the required, individual notice of her rights and eligibility to take FMLA leave to care for her own serious health conditions or her father's serious health condition that necessitated emergency surgery.

54. Defendant's termination of Plaintiff when it knew she needed leave and/or at a time when she notified Defendants that she had a condition(s) requiring ongoing treatment or that her father required ongoing medical care and support was reckless and in deliberate disregard of the FMLA's notice provisions and Plaintiff's rights under the FMLA.

55. In terminating Plaintiff when Defendant knew she was eligible for FMLA, Defendant interfered with and violated Plaintiff's rights under the FMLA, which caused Plaintiff prejudice, and Plaintiff seeks all appropriate relief as requested in her prayer for relief.

**COUNT IV: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT**

56. Plaintiff incorporates the previous paragraphs by reference as if set forth herein.

57. Before requiring FMLA leave and notice, Plaintiff had been employed by Defendant for longer than 12 (twelve) months and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant during the previous twelve-month period.

58. Plaintiff timely notified or otherwise provided sufficient information to Defendant of her serious health conditions or her father's serious health conditions, and her need to take time off from work to care for herself or her father, and gave adequate and proper notice of her need to take a medical leave of absence from work under the FMLA.

59. When Plaintiff requested and/or required FMLA leave, she was qualified and eligible for FMLA leave.

60. In seeking FMLA leave, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief available under the FMLA.

61. Defendant took adverse action against Plaintiff up to and including termination because Plaintiff requested and/or was eligible for FMLA leave.

62. Defendant's reason for terminating Plaintiff resulted from its refusal to provide Plaintiff proper FMLA notice or its retaliation against Plaintiff because she qualified for FMLA leave.

63. Defendant's conduct up to and including terminating Plaintiff is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's FMLA rights, and he seeks relief as set forth below.

**COUNT V: PROMISSORY ESTOPPEL**

64. Plaintiff incorporates the previous paragraphs here.

65. Plaintiff justifiably relied on the Defendant's representations, history, and assurances when she moved to West Virginia to work remotely for it.

66. Defendant reasonably should have expected Plaintiff to change her position and relocate to West Virginia to work, and, in fact, approved Plaintiff's relocation to West Virginia to work remotely for it over the past several months of her employment.

67. Based on Defendant's promise of continued employment, Plaintiff changed her position.

68. Justice requires enforcement of the Defendant's promise to employ Plaintiff after she relocated to West Virginia to work remotely for it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

On all claims, grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury;

On her West Virginia Human Rights Act claims and promissory estoppel claim, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On her West Virginia Human Rights Act claims and promissory estoppel claim, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

On her FMLA claims, grant Plaintiff liquidated damages in addition to all recoverable amounts under the statute;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees and costs on all claims that allow for recovery of the same; and

Such other relief as this Court deems fair and proper in the interest of justice.

### PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.

PLAINTIFF, ERICA FOLDEN
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.

Huntington Central Building
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304.522.4149
F. 800.879.7248
hoyt@gsalaw-wv.com

## **VERIFICATION**

I, Erica Folden, after being duly sworn, state that the facts and representations contained in my attached appeal are true, except insofar as they are therein stated to be upon information and belief, and that insofar as they are therein stated, they are believed to be true.

_____
Erica Folden

Taken, sworn to and subscribed before me, the undersigned Notary Public, this 18th day of  March 2025.

My commission expires ___3-27-2028___



NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Jessica M Spaulding
168 South Edgemont Rd
Huntington WV 25701
My Commission Expires March 27, 2028

# SUMMONS

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
### Erica Folden v. SAFEbuilt, LLC

Service Type:     Filer - Certified Mail

NOTICE TO:     SAFEbuilt, LLC, 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Hoyt Glazer, PO BOX 1638, , HUNTINGTON, WV 25717

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 3/19/2025 10:44:31 AM | /s/ Michael J. Woelfel |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

/s/ Sean K. Hammers
Circuit Court Judge
Ref. Code: 2586BH0PX

E-FILED | 3/20/2025 10:51 AM
CC-06-2025-C-107
Cabell County Circuit Clerk
Michael J. Woelfel

# IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

ERICA FOLDEN,

        **Plaintiff,**

v.                                  **CASE NO.:  25-C-107**
                                          **JUDGE SEAN K. HAMMERS**

SAFEbuilt, LLC,

        **Defendant.**

## PRELIMINARY ORDER

Pursuant to the West Virginia Rules of Civil Procedure, which place an affirmative duty upon trial courts to ensure the prompt, fair, and cost-effective resolution of civil matters, this Court hereby **ORDERS** that, within seventy-four (74) days of effective service of process having been achieved as to any defendant named in this action, the following shall be filed:

(1) a written report outlining the parties' proposed discovery plan under Rule 26(f) of the West Virginia Rules of Civil Procedure;

(2) a written request that the Court conduct a scheduling conference, with such written request containing the names and email addresses of all counsel of record and any unrepresented litigants; or

(3) a motion setting forth good cause as to why the Court should not issue a scheduling order within the time provided in Rule 16(b)(3) of the West Virginia Rules of Civil Procedure, provided that no such motion shall be required if, within the seventy-four-day period described above, one of the following motions is filed: a motion for default judgment, a motion to dismiss, or a motion for judgment on the pleadings.

It is further **ORDERED** that the plaintiff(s) shall timely provide a copy of this Order to any defendant upon whom it has served process.

The Clerk is directed to provide a copy of this Order to counsel for the plaintiff(s) or to plaintiff(s) directly if unrepresented by counsel.

**/s/ Sean K. Hammers**
Sean K. Hammers
Chief Judge of the Sixth Judicial Circuit
Cabell County, West Virginia